# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE BROWN-COMFORT | : | CIVIL ACTION |
| v. | : | |
| PROGRESSIVE INSURANCE | : | NO. 18-2929 |

## **MEMORANDUM**

CAROL SANDRA MOORE WELLS
United States Magistrate Judge                                     January 24, 2019

      Presently before the undersigned is Plaintiff's "Motion to Compel Answers to Plaintiff's Discovery Requests" (Document No. 12), Defendant's Brief in Opposition thereto (Document No. 15) ("Def. Br.") and "Plaintiff's Amended Reply Brief to Defendant's Brief in Opposition to Plaintiff's Motion to Compel Answers to Plaintiff's Discovery Requests" (Document No. 23) ("Pl. Rep. Br."). The undersigned will grant Plaintiff's motion with respect to all documents for which Defendant has only asserted work product doctrine protection; Plaintiff's motion is denied with respect to the two documents for which Defendant has asserted attorney client privilege.

      Plaintiff alleges that Defendant, her insurance company, has failed to pay her uninsured motorist benefits resulting from a car accident. Pl.'s Brief in Support of Motion ("Pl. Br.") at 1. Plaintiff has also alleged a bad faith claim against Defendant. *Id.* The discovery dispute involves Defendant's Supplemental Privilege Log. Defendant maintains that sixteen entries, contained on eleven pages, are protected by the work product doctrine; additionally, Defendant claims attorney client privilege for two of the sixteen entries. Plaintiff concedes that attorney client privilege may be invoked for these two entries, *see* Pl. Rep. Br. at 3 n.1, hence, Plaintiff's motion to compel is denied with respect to the pages numbered BROWN-COMFORT 100025 and BROWN-COMFORT 100028.

Federal law, not state law, governs the applicability of the work product doctrine in federal civil litigation. *Neidich v. Progressive Advanced Insurance Co.*, Civ. A. No. 17-5375, 2018 WL 4006397, *2 (E.D. Pa. Aug. 22, 2018) (citing *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988); *Borgia v. State Farm Mut. Auto Ins. Co*, Civ. A. No. 14-3149, 2014 WL 4375643, *2 (E.D. Pa. Sept. 3, 2014)). A party can be afforded work product protection if it meets its burden to prove that the documents in question were created while preparing for possible litigation. *Neidich*, 2018 WL 4006397, at *1 (citing *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000)). That is, the "temporal trigger" for the work product doctrine occurs at the point in the insurance company's investigation when its activity shifted from ordinary claims evaluation to work performed in anticipation of litigation. *Id.* (citing *Borgia*, 2014 WL 4375643, at *3). The "temporal trigger" exists when the insurance company subjectively anticipated litigation and the expectation of a lawsuit was objectively reasonable. *Id.* (citing *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993); *Borgia*, 2014 WL 4375643, at *3). By contrast, documents prepared in the ordinary course of business are not shielded from discovery by the work product doctrine. *Id.* (citing *Borgia*, 2014 WL 4375643, at *2).

Defendant, Progressive, was the defendant in *Neidich* and is now represented by two of the same attorneys who litigated that case. Yet, Defendant did not cite *Neidich* in its brief. Remarkably, Defendant relies on state law to support its argument that uninsured motorist ("UM") claims are always adversarial, thereby always triggering anticipation of litigation. Def. Br. at 6-7. While this may be the law in Pennsylvania state courts, it does not control in this court. *Neidich*, 2018 WL 4006397, at *2 (citing *United Coal Cos.*, 839 F.2d at 966). Notably, Defendant makes no effort to prove the moment when it shifted from ordinary evaluation of Plaintiff's UM claim to

subjectively anticipating litigation.  Furthermore, Defendant makes no effort to demonstrate that it was objectively reasonable for it to have anticipated litigation at any precise point in time. Having failed to properly invoke the starting point for application of the work product doctrine, Defendant cannot avail itself of that doctrine's protection.

       An implementing Order follows.